IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :
                                :
                                :
                v.              :      Case 01-CR-336-04
                                :
MARI ANTHONY,                   :
        Defendant               :


TRANSCRIPT OF PROCEEDINGS

**FILED**
**HARRISBURG, PA**

GUILTY PLEA

AUG 1 4 2003

**MARY E. D'ANDREA, CLERK**
Per _____

BEFORE:    HON. SYLVIA H. RAMBO, Judge

DATE:      September 26, 2002

PLACE:     Courtroom Number Three
           Federal Building
           Harrisburg, Pennsylvania


COUNSEL PRESENT:

WILLIAM BEHE, Assistant United States Attorney
    For - United States of America

KYLE W. RUDE, Esquire
    For - Defendant


                        Vicki L. Fox, RMR
                        Official Reporter

Anthony - Plea                                    2

1          THE COURT:  Good morning.

2          MR. BEHE:  Good morning, Your Honor.

3    Mr. Anthony, come forward, please.

4          Your Honor, the first matter before you is that

5    of the United States of America v. Mari Anthony.  This is at

6    Criminal Docket Number 01-336-04.

7          May the record reflect that Mr. Anthony is

8    present before you with counsel Mr. Rude.  Mr. Anthony has

9    signed a plea agreement in this matter that was filed with

10   the Court.  And pursuant to the terms of the plea agreement,

11   Mr. Anthony is agreeing to withdraw his plea of not guilty

12   as to Count 2 of the third superseding indictment and enter

13   a plea of guilty to that count pursuant to the terms of the

14   plea agreement.

15         THE COURT:  Mr. Anthony, before I can accept your

16   change of plea, it will be necessary for me to establish for

17   the record that you understand your rights and the

18   consequences of your plea.

19         You will be placed under oath, and I will ask

20   certain questions of you.  You should be advised if you give

21   me any false answers, you could be subject to further

22   prosecution for perjury or false swearing.

23         Do you understand that?

24         THE DEFENDANT:  Yes, ma'am.

25         THE COURT:  Do you further understand that if you

Anthony - Plea                                   3

1    went to trial in this matter, you could not be forced to

2    take the witness stand and testify against yourself.    But

3    because you are entering a plea of guilty, I must establish

4    for the record your involvement in these charges.

5              I will ask questions of you to which you must

6    respond thereby giving up your right against

7    self-incrimination.

8              Do you understand that?

9              THE DEFENDANT:  Yes, ma'am.

10             (MARI ANTHONY was duly sworn.)

11   BY THE COURT:

12   Q    How old are you?

13   A    26.

14   Q    How far have you gone in school?

15   A    Tenth grade.  I got my GED.

16   Q    Do you fully read and write English?

17   A    Yes, ma'am.

18   Q    Have you taken any drugs or alcohol before coming into

19   court today?

20   A    Yes.

21   Q    What?

22   A    Marijuana.

23   Q    Today?

24   A    No, no, no.  Like previous, in the past.

25   Q    I am asking you today before coming into court.

Anthony - Plea                                           4

1    A    No, no.

2    Q    Are you undergoing any psychological or psychiatric

3    counseling of any kind?

4    A    No, ma'am.

5         THE COURT:  Mr. Rude, are you privately retained?

6         MR. RUDE:  Yes, Your Honor.

7    BY THE COURT:

8    Q    Do you understand that if at any stage of these

9    proceedings you can no longer afford to retain counsel, the

10   Court on proper application will appoint a Public Defender

11   to represent you without cost; do you understand?

12   A    Yes, ma'am.

13   Q    You also have a right to represent yourself.  Do you

14   understand that?

15   A    Yes, ma'am.

16   Q    Are you satisfied with the representation you have

17   received from counsel to date?

18   A    Yes.

19   Q    Now you do have a right to persist in a plea of not

20   guilty and proceed to trial in this matter in which you

21   through counsel would select a jury consisting of twelve

22   persons.

23        At the trial, the government would have the

24   responsibility to prove each and every element of the crime

25   charged against you beyond a reasonable doubt.  You are

Anthony - Plea                                          5

1    presumed innocent until that burden is met.

2          At the trial, you would have the right through

3    counsel to cross-examine any witnesses the government would

4    present.  You, in turn, would have the right to subpoena

5    witnesses and evidence on your own behalf; although, you are

6    not required to do so.

7          Any finding of guilt would have to be unanimous.

8    That is all twelve jurors would have to agree.

9          If you give up your right to a jury trial, you

10   give up your right to present any defenses that you may have

11   or the right to appeal any pretrial motions.

12         Do you understand your right to a jury trial?

13   A     Yes, I do.

14   Q     Is it your desire to give up your right to a jury

15   trial and enter a plea to Count 2 of the third superseding

16   indictment?

17   A     Yes.

18         THE COURT:  There is a plea agreement in this

19   matter.  I would ask the government to state the essence of

20   the plea agreement for the record.

21         MR. BEHE:  Yes, Your Honor.  In exchange for

22   Mr. Anthony agreeing to withdraw his plea of not guilty as

23   to Count 2 of the third superseding indictment and enter a

24   plea of guilty to that particular count, the United States

25   at the time of sentencing agrees that it will move for the

Anthony - Plea                                 6

1     dismissal of any remaining counts and any outstanding

2     indictments against him.

3             Mr. Anthony understands that by entering a plea

4     of guilty to that count, he faces a mandatory minimum term

5     of imprisonment of ten years and a maximum term of

6     imprisonment of up to life, as well as at least a three year

7     term of supervised release.   That would be imposed by the

8     Court and have to be served at the conclusion of any term of

9     imprisonment that he is serving, denial of certain federal

10    benefits and an assessment -- a special assessment in the

11    amount of $100.00.

12            It has been represented to the United States by

13    counsel for the defendant that he will be able to accept

14    responsibility for his offense.   And if he can do this, the

15    United States agrees it would recommend to the Court that he

16    receive a two level reduction in his offense level for

17    acceptance of responsibility.

18            The defendant understands, of course, that this

19    is a matter that is left entirely up to the Court.   By that

20    I mean that even if the United States should make that

21    recommendation, the Court is free to accept or reject that.

22    And he understands should the Court not accept that

23    recommendation, that would not provide him with a basis to

24    void or withdraw the plea agreement.

25

Anthony - Plea                                    7

1           He has not agreed to cooperate with the United

2    States.  So all of that language concerning cooperation and

3    the extent of it is absent from this plea agreement.

4           However as Your Honor I am sure is familiar with,

5    there were pretrial motions filed in this matter concerning

6    suppression of evidence and other matters.  Paragraph 14 of

7    the plea agreement provides that pursuant to Rule 11,

8    subparagraph (a)(2) of the Federal Rules of Criminal

9    Procedure with the approval of the Court and the consent of

10   the United States, the defendant enters a conditional plea

11   described in the plea agreement reserving the right on

12   appeal to review the adverse determination of all pretrial

13   motions denied by the Court.

14          Everybody who is a party to this agreement

15   acknowledges that Mr. Anthony would be allowed to withdraw

16   his plea of guilty if he prevails on appeal.  The United

17   States does consent -- or agree I should say -- to the

18   entering of this conditional plea.  And Mr. Anthony

19   understands that that is, of course, subject to the approval

20   of the Court as well.

21          Those are the salient terms of the plea

22   agreement, Your Honor.

23          THE COURT:  I think in my colloquy with him I

24   indicated that by entering a plea of guilty, he waived his

25   right to challenge any appeal, and that is incorrect.

Anthony - Plea                                    8

1    Pursuant to paragraph 14 of the plea agreement, this is a

2    conditional plea.  He does have the right to appeal the

3    Court's adverse ruling on pretrial motions.  And should they

4    be favorable to him, the plea would be withdrawn.

5              Is that correct?

6              MR. BEHE:  Yes, Your Honor.  That is correct.

7    BY THE COURT:

8    Q    In all other respects, is that your understanding of

9    the plea agreement?

10   A    Yes, ma'am.

11   Q    Have there been any other promises made to you that

12   haven't been set forth in this plea agreement?

13   A    No, ma'am.

14   Q    Have there been any threats against you or any member

15   of your family to get you to enter into the plea agreement?

16   A    No.

17   Q    Has anyone promised you what your sentence would be?

18   A    No.

19   Q    In that regard, do you understand that the minimum

20   sentence you could receive in this would be ten years; the

21   maximum could be life?  You could also be subject to a fine

22   of four million dollars, or both, a term of supervised

23   release, denial of certain federal benefits and a special

24   assessment of $100.00.

25

Anthony - Plea                                    9

1          Now the supervised release is served after any

2   term of imprisonment.  And should you during the course of

3   any supervised release violate any term of the supervised

4   release, you could be sent back to prison.

5          Do you understand?

6   A    Yes.

7   Q    Now there are Sentencing Guidelines that this Court

8   must follow.  I will not know what those Guidelines are

9   until after your presentence report is completed.

10          So if anyone has suggested to you what your

11   Guideline sentence would be and if it differs from what the

12   Court finds, you cannot withdraw your guilty plea; do you

13   understand that?

14   A    Yes.

15   Q    I show you a document entitled Plea Agreement.  Have

16   you reviewed that agreement with counsel?

17   A    Yes, ma'am.

18   Q    Is that your signature?

19   A    Yes.

20   Q    Do you have any questions of the Court concerning

21   anything in that document?

22   A    No.

23   Q    You are charged in Count 2 from on or about December

24   6th of '98 concluding April 25, 2002, in Harrisburg, Dauphin

25   County of intentionally and knowingly distributing 50 grams

Anthony - Plea                                          10

1    or more of cocaine base, also known as crack cocaine, and

2    500 grams of cocaine hydrochloride, both substances Schedule

3    II controlled substances.  And it is illegal to distribute

4    same.

5              I would ask Mr. Behe to state what facts you

6    would present in support of the charge.

7              MR. BEHE:  Yes, Your Honor.  Not only is Mr.

8    Anthony charged with distributing the same, he is also

9    charged with manufacturing and possessing with the intent to

10   manufacture and distribute those substances, as well as

11   being an accomplice in that conduct.

12             Those provisions are important as the facts that

13   the United States would present in this matter would

14   establish that the Drug Enforcement Administration was

15   working jointly with the Dauphin County Drug Task Force

16   since about October of last year investigating the drug

17   trafficking activities of codefendant Tyrone Smith, Junior,

18   who was also known as Manny.

19             Using a confidential informant, Police were able

20   to make several purchases from Smith and his cousins Isaiah

21   and Malik Pacheco.  And by buys, I mean of controlled

22   substances.  This matter at that time meaning October of

23   last year, it was both crack cocaine and cocaine

24   hydrochloride.

25

Anthony - Plea                                      11

1          Those three individuals were arrested in late

2     October of last year, but the investigation continued, and

3     the Police were able to establish that the defendant here

4     Mr. Anthony, who is related to Tyrone Smith, had also been

5     distributing crack and cocaine hydrochloride during the

6     period of time stated in Count 2 of the third superseding

7     indictment in I guess in conjunction with and as part of

8     what Mr. Smith was doing during that same period of time.

9          The investigation continued.  Numerous

10    individuals would be prepared to testify about their

11    dealings with Mr. Smith and the defendant.  As Your Honor

12    recalls from the testimony presented at the suppression

13    hearing in this matter, on April 24th of this year, a

14    traffic stop was made of a van that was being operated by

15    the defendant.

16         The lone passenger in that van was Lawrence

17    Johnson who turns out was also related to the defendant or

18    Mr. Smith or both.  It was determined that there were

19    outstanding warrants for both individuals.  DEA agents had

20    been conducting surveillance of the two men.  And shortly

21    before the van was stopped, they observed a black gym bag

22    being taken out of the defendant's town home and placed into

23    the van and then the van proceeding down the highway towards

24    Harrisburg.

25

Anthony - Plea                                        12

1          As the Police attempted to arrest codefendant

2    Johnson, since Mr. Anthony was already in a Police vehicle,

3    Mr. Johnson struggled with the Police, and a substantial

4    amount of crack cocaine that had been tucked inside his

5    waistband spilled out onto the roadway.

6          An additional amount of powder cocaine was seized

7    from within or -- from inside Johnson's waistband.  A

8    subsequent search of the van uncovered an additional amount

9    of crack cocaine that was still moist and drying, indicating

10   that it had just been converted from powder cocaine into

11   crack cocaine, as well as scales and approximately $9,000.00

12   in U.S. currency.

13         A later search of the town home belonging to the

14   defendant yielded additional cocaine, as well as all of the

15   ingredients that indicated that crack cocaine had just

16   recently been cooked there, as that term is used.

17         Police recovered baking soda, a cooking pot with

18   what appeared to be crack cocaine residue on it.  And a lab

19   report confirmed that, indeed, that was the residue

20   indicating as stated, that cocaine hydrochloride had been

21   converted into crack cocaine recently in that home.

22         All totaled on that occasion alone, the Police

23   seized several hundred grams of crack cocaine or cocaine

24   base and several hundred grams of cocaine hydrochloride.

25   Although the substances were primarily in Mr. Johnson's

Anthony - Plea                                            13

1    waistband within the van itself, and residue and additional

2    cocaine in Mr. Johnson's town home were recovered pursuant

3    to the search, Mr. Johnson by admitting that he is an

4    accomplice in this is likewise responsible for the entire

5    amount.

6              THE COURT:  Mr. Anthony, did you as set forth in

7    Count 2 of the indictment from the period of time I believe

8    '98 until April 25, 2002 in Dauphin County intentionally and

9    knowingly and unlawfully manufacture, distribute and possess

10   with intent to manufacture and distribute 50 grams or more

11   of crack cocaine base -- excuse me -- cocaine base, known as

12   crack cocaine, and 500 grams or more of cocaine

13   hydrochloride, and did you aid and abet -- is it

14   Mr. Johnson?

15             MR. BEHE:  Johnson and Smith.

16             THE COURT:  -- Johnson and Smith in this matter?

17             MR. RUDE:  Your Honor, my client has a question

18   for me.  If I could take one second?

19             THE COURT:  Yes.

20             MR. RUDE:  Your Honor, Mr. Anthony can answer

21   some of the questions -- he can answer affirmatively to some

22   of the question you asked.  If I can break it down?

23             THE COURT:  Yes.

24

25

                        Anthony - Plea                    14

1    BY MR. RUDE:

2    Q    Mr. Anthony, did you aid and abet Tyrone Smith from

3    December 6th, 1998 until April 25th, 2002?

4    A    No, I didn't.

5    Q    Did you aid and abet Lawrence Johnson in possessing or

6    possessing with intent to deliver drugs on April 24th, 2002,

7    Lawrence Johnson?

8    A    Yes, ma'am.

9    Q    Regarding possession with intent to deliver 50 grams

10   or more of cocaine base and 500 grams or more of powder

11   cocaine, did you have that possession either with you or in

12   your townhouse on April 24th, 2002?

13   A    Yes.

14            THE COURT:  Is manufacture an essential element

15   of this offense?

16            MR. BEHE:  To the extent that the evidence

17   establishes they converted powder cocaine into crack

18   cocaine.

19            THE COURT:  Did you assist in converting cocaine

20   into crack cocaine?

21            MR. RUDE:  Your Honor, the problem is the date,

22   not the action.  On April 24, 2002 --

23            MR. BEHE:  I think what the problem is here is

24   Mr. Anthony is attempting to constrict the time frame of

25   Count 2 and admit to the Court his involvement in criminal

Anthony - Plea                                        15

1    activity for a very limited period of time of April 24th

2    through April 25th, meaning the date that the Police

3    actually caught him and Mr. Johnson with the drugs.

4            The problem, of course, is that he has pled

5    guilty to Count 2 or signed a plea agreement to Count 2

6    which has a much more extended period of time for his

7    involvement in criminal activity.

8            I have witnesses who are prepared to say that

9    they purchased drugs from him during that period of time.

10   And regardless of his attempt to restrict it to two days,

11   that is all relevant conduct which would be considered by

12   the Court anyhow.

13           I think -- or at least I sense that is what

14   Mr. Anthony is attempting to do here, to distance himself,

15   number one, from Tyrone Smith.  And that is fine whether I

16   believe him or not.

17           But in terms of Count 2 and the embrace of that

18   count and his activity, he has to admit under the plea

19   agreement that during that period of time, he was involved

20   in that criminal activity.

21           Now he may contest the amount beyond April 24th

22   and 25th if he doesn't think he distributed or possessed as

23   much as others attribute to him.  He can't distance himself

24   from the amounts -- and he has admitted that he is not going

25   to contest the amounts that were seized or recovered from

Anthony - Plea                                   16

1    his town home, but he has to understand that the conduct

2    that is alleged in there may be considered by the Court in

3    terms of setting his guideline range.  I am explaining what

4    I think is going on.

5              MR. RUDE:  Your Honor, Mr. Behe is explaining

6    correctly Count 2.  Mr. Anthony has advised me from the

7    beginning and sworn to tell the truth today that yes, he was

8    involved on April 24th.  He was not involved as the wide

9    breadth of time that Count 2 implicates from December 6th,

10   1998 to April 25th, 2002.

11             However, I believe his facts stated of April 24,

12   2002 is within that time period, and he has stated facts to

13   support a guilty plea in fact accepting responsibility for

14   what he has done.

15             I have no reason to believe based on

16   conversations with Mr. Anthony that he is testifying falsely

17   to the Court, speaking falsely to the Court.  It is

18   consistent with what he has told his counsel from the

19   beginning.

20             He has admitted to being in possession, that

21   being the van, Mr. Johnson's person and in his town house of

22   the amounts of drugs as stated in Count II.

23             I have discussed with him relevant conduct and

24   what the government would seek to prove as far as the

25   guidelines.  And we are prepared to litigate that.  However,

Anthony - Plea                                    17

1    he has stated facts -- we do believe he is guilty of Count

2    2.  I think the facts he has stated are sufficient to accept

3    responsibility for Count 2 of the third superseding

4    indictment.

5              THE COURT:  It may impact on his acceptance of

6    responsibility.

7              MR. RUDE:  I understand that, Your Honor.  I

8    believe my client understands that.  But he has been

9    consistent with me.  He swore to tell the truth.  I believe

10   he is attempting to do that today.

11             THE COURT:  We will probably end up having a

12   hearing prior to sentencing on this matter.

13             MR. BEHE:  I would think so.  I think that the

14   facts concerning the search and seizure on the 24th and 25th

15   with regard to amount is uncontested.  It is just a question

16   of the defendant, he is admitting that during this period of

17   time, he engaged in this conduct.  He is just not agreeing

18   with the government that it is as extensive.  It may require

19   a hearing because we do have additional witnesses.

20             THE COURT:  There is another fact though.  The

21   amounts, is he pleading to 50 grams or more of cocaine base

22   and 500 grams or more of cocaine hydrochloride?  That is

23   part of the charge, too.

24             MR. RUDE:  Yes, Your Honor.  According to the

25   testimony from the suppression hearing, more than 50 grams

Anthony - Plea                           18

1      of cocaine base was seized in the bag next to him on the

2      person of Mr. Johnson.  And I believe if you add up all of

3      it from the van, Mr. Johnson's person and the townhouse, it

4      does add up to more than 500 grams or more of powder

5      cocaine.

6                  THE COURT:  He is not contesting that portion?

7                  MR. RUDE:  It is not the amounts, Your Honor.  It

8      is the time period, and the persons with whom he is alleged

9      to have conspired, aided and abetted.

10                 THE COURT:  I will accept the plea.  If I find

11     that you were involved in more than this, you realize it is

12     going to impact on your sentence, the amounts?

13                 THE DEFENDANT:  Yes, ma'am.

14                 THE COURT:  AND NOW this 26th day of September,

15     2002, the Court finds that the defendant is acting

16     voluntarily and not as a result of force or threats or

17     promises apart from the plea agreement, that he understands

18     his rights, the consequences of his plea and voluntarily

19     waives his right to trial.

20                 The Court is satisfied that the plea has a basis

21     in fact, contains the elements of the crime charged.  The

22     Court therefore permits the revocation of the not guilty

23     plea, accepts a plea of guilty to Count 2 of the third

24     superseding indictment and directs the entry of judgment of

25     guilty on the plea.

Anthony - Plea                                    19

1              Sentence is deferred pending receipt by the Court

2       of a presentence report.

3              Court is in recess.

4              THE CLERK:  Court is in recess.

5          (Whereupon, the proceedings were concluded.)

6              I hereby certify that the proceedings and

7       evidence are contained fully and accurately in the notes

8       taken by me on the trial of the above cause, and that this

9       copy is a correct transcript of the same.

10

11                              *Vicki L. Fox, RMR* (signature)

12                              Vicki L. Fox, RMR

13                              Official Reporter

14

15

16              The foregoing certification of this transcript

17       does not apply to any reproduction by any means unless under

18       the direct control and/or supervision of the certifying

19       reporter.

20

21

22

23

24

25