UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-3834

UNITED STATES OF AMERICA

v.

MARI ANTHONY,
    *Appellant*

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. No. 01-cr-00336-04)
District Judge: Honorable Sylvia H. Rambo

Submitted Under Third Circuit LAR 34.1(a):
October 5, 2004
Before: SLOVITER, BECKER, and STAPLETON, *Circuit Judges*.

ORDER

  Appellant challenges his sentence under *United States v. Booker*, 543 U.S. —, 125 S. Ct. 738 (2005). Having determined that the sentencing issues appellant raises are best determined by the District Court in the first instance, we will vacate the sentence and remand for re-sentencing in accordance with *Booker*.[1]

---

[1] On appeal, Anthony challenged the District Court's denial of his motion to suppress evidence as well as its refusal to permit him to withdraw his guilty plea. We rejected these arguments and affirmed Anthony's conviction in an opinion filed October 12, 2004. *See United States v. Anthony*, 112 Fed. Appx. 810 (3d Cir. 2004) (not precedential opinion). Anthony subsequently petitioned for a writ of certiorari and, for the first time, challenged the determination of his sentence. Following its decision in *Booker*, the Supreme Court granted the writ and vacated the judgment of this Court. *See Anthony v. United States*, 125 S. Ct. 1357 (2005). In response to an

By the Court,

/s/ Edward R. Becker
Circuit Judge

Dated: **April 25, 2005**

ARL/cc: SAK; WAB

Certified as a true copy and Issued in lieu
of a formal mandate on ___05/18/05___

Marcia M. Waldron

Teste:
Clerk, U.S. Court of Appeals for the Third Circuit

invitation by this Court to comment on the applicability of *Booker*, Anthony again argued that the District Court erred in refusing to permit him to withdraw his guilty plea and further requested that he be re-sentenced in light of *Booker*. We see nothing in *Booker* that would permit Anthony to withdraw his plea and, having already addressed his challenge to the District Court's refusal to permit him to do so, we decline to let him withdraw it at this point. Our remand is therefore limited to the determination of Anthony's sentence.

2