IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : NO. 1:CR-01-336-04 |
| V. | : |
| | : |
| MARI ANTHONY | : |

**TO THE HONORABLE SYLVIA RAMBO, JUDGE OF SAID COURT:**

<u>**STATEMENT TO BE PRESENTED
AT RE-SENTENCING HEARING**</u>

<u>**ISSUES:**</u>

1. DEFENDANT'S PLEA AND SENTENCE IS UNCONSTITUTIONAL SINCE ITS PROVISIONS AND CONSIDERATION WAS SUBJECT TO THE MANDATORY SENTENCING SCHEME OF THE SENTENCING GUIDELINES WHICH UNITED STATES V. BOOKER, 543 U.S._____ , 125 S.Ct. 738 (2005), HELD UNCONSTITUTIONAL.
2. THE COURT SHOULD FOLLOW THE INITIAL RECOMMENDATION OFTHE UNITED STATES ATTORNEY AS THE UNITED STATES ATTORNEY INDICATED THAT THEY WOULD NOT BE ASKING FOR THE TWENTY (20) YEAR MANDATORY SENTENCE MAKING THE NEGOTIATED PLEA VOIDED AB INATIO.
3. DEFENDANT'S SENTENCE IS ILLEGAL SINCE IT WAS IMPOSED PURSUANT TO THE MANDATORY SENTENCING SCHEME OF THE SENTENCING GUIDELINES WHICH UNITED STATES V. BOOKER, 543 U.S._____(2005), 125S.Ct. 738 (2005), HELD UNCON-STITUTIONAL.
4. OBJECTION TO THE AMOUNT OF COCAINE.
5. OBJECTION TO ACCEPTANCE OF RESPONSIBILITY. DEFENDANT DID NOT POSSESS THE AMOUNTS OF COCAINE (POWDER OR CRACK) ATTRIBUTABLE TO HIM.
6. DENIAL OF DEFENDANT'S MOTION TO SUPPRESS WAS IMPROPER.
7. 21 U.S.C.A. §841(b)(1)(a)(iii) and (B)(iii) IS UNCONSTITUTIONAL ON ITS FACE AND AS APPLIED TO THE DEFENDANT SINCE IT VIOLATES THE DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES CONSITUTION BY ALLOWING BOTH DOUBLE CONVICTION AND DOUBLE PUNISHMENT FOR THE SAME OFFENSE.

**ARGUMENTS:**

1. The factual and legal basis for which Appellant takes this position is that the provisions of his plea required him to accept the fact that the trial judge did not have to rely on the contents of the plea or any expectation that he had for sentencing purposes; but that the judge would be considering the findings of the pre-sentence report, including any sentence required under the sentencing guidelines. Simply, by its very terms, the plea agreement was subject to the sentencing guidelines, including the provisions of the guidelines which the Supreme Court ruled unconstitutional. The terms of the plea being subject to unconstitutional sentencing provisions renders the plea and sentence unconstitutional.

2. The Government, during plea negotiations, promised not to seek an enhanced sentence of a mandatory minimum of twenty (20) years imprisonment (See Sentencing Transcript page 57, line 23 to page 58, line 24). Primarily, as a result of the Government's promise, Defendant entered into a plea agreement, expecting (at the most) that he would receive a sentence significantly under twenty (20) years. Thereafter, the government sought and obtained, via the sentencing guidelines a thirty (30) year sentence. The use of the sentencing guidelines, in effect, rendered the plea illusory, indefinite and lacking in consideration. The plea was illusory since it turned out to be a promise that actually promised nothing at all. The plea was indefinite since, as it relates to a potential sentence, there was no way to determine a breach (whether defendant's sentence was higher than it should be under the plea circumstances). The plea agreement lacked consideration in that Defendant was unable to withdraw it in the event of a breach (a higher sentence than what the government promised not to seek). Plea agreement is a contract and should be subject to contact principles. So to be valid, it must be based on consideration. Ace Federal Reporters Inc. v. Barram, 226 F. 3rd 1329 (Fed Cir. 2000); Torncello v. United States, 681 F. 756 (Fed Cir 1982).

   Therefore, the Court should follow the initial recommendation of the Government as the Government initially indicated that they would not be asking for the twenty (20) year mandatory.

3. Defendant was sentenced to thirty (30) years pursuant to the mandatory sentencing scheme of 18 U.S.C. §§3553 (b) (1), 3742(e) under the "relevant conduct" provisions. Therefore, Booker's holding that the mandatory "relevant conduct" enhancement provisions of the sentencing guidelines are unconstitutional, renders Defendant's thirty (30) year sentence unconstitutional. Because an unconstitutional sentence is illegal, it must be vacated and corrected.

4. It is alleged that in a search of Defendant's town home, 468 grams of crack and 464 grams of cocaine HCL was seized. Defendant denies possession the amounts as outlined. The amounts should reflect 404.2 grams of powder cocaine and 231.3 grams of crack cocaine.

5. Defendant did accept responsibility. As outlined in Defendant's objection to the Pre-Sentence Report, Defendant submitted a statement to the Court that he takes "full responsibility for my ignorance in this matter. I am very remorseful for my bad deeds. I was dealing with a broken spirit, a broken contrite heart, so many personal issues. I also know that my issues does not mean posses drugs. I want it to be known, sorry for taking my family and kids thru this situation, also the courts".

6. The roadside stop and subsequent searches and seizures were legal but should have been suppressed as fruits of the police misconduct in impermissibly circumventing the warrant requirement. In saying this, Defendant is not unmindful that he was under surveillance by the DEA agents as a part of an investigation into his alleged involvement in a narcotics operation in the Harrisburg area. Under these circumstances the government "must be permitted to exercise its own judgment in determining at what point in an investigation enough evidence has been obtained." United States v. Baker, 63 F.3d 1478, 1500 (9th Cir. 1995); see also Donaldson v. City of Seattle, 831 P.2d 1098, 1102 (Wash. Ct. App. 1992) (when officer has legal grounds to arrest person, officer has considerable discretion to do so); Wongittilin v. State, 36 P.3d 678, 681-82 (Alaska 2001) (no duty to arrest when arrest is discretionary). Accordingly, defendant had no individual right to be stopped, detained or arrested after being observed entering his apartment complex driving an unregistered vehicle.

It is apparent that the agents here could have detained defendant at the complex and still assisted the help of local authorities to conduct a more searching inquiry at the complex so as to make a determination if probable cause existed to effectuate a search. It is also apparent that if agents were not looking to circumvent the warrant requirement, they would not have called in the local authorities at all but would have continued gathering intelligence information through continued moving surveillance. Finally, it is apparent that the agents in this case had a hunch or a suspicion that contraband was in the van or on its occupants. They, however, could not move on that suspicion without a warrant based on probable cause. They chose, therefore, to impermissibly circumvent the warrant requirement by permitting defendant to enter the highway in an unregistered vehicle.

> When an arrest is so timed that it is no more than an attempt to circumvent the warrant requirement...the subsequent arrest or search [is] unlawful. See <u>Coolidge v. New Hampshire</u>, 403 U.S., 443, 469-471 (1971); <u>Vale v. Louisiana</u>, 399 U.S. 30, 35 (1970); <u>Chimel v. California</u>, 395 U.S. 752, 767 (1969); <u>Abel v. United States</u>, 362 U.S. 217, 226 and 230 (1960); <u>United States v. Rabinowitz</u>, 339 U.S. 56, 82 (1950) (Frankfurter, J., dissenting); <u>United States v. Lefkowitz</u>, 285 U.S. 452, 467 (1932)." <u>United States v. Santana</u>, 427 U.S. 38, 48-49 (1976).

7. The Constitution of the United States, in the Fifth Amendment, declares in pertinent part, "nor shall any person be subject [for the same offense] to be twice put in jeopardy of life or limb." <u>U.S. Const. Amend. V</u>. To explain, the Double Jeopardy Clause of the Fifth Amendment has been said to protect against three distinct abuses; a second prosecution for the same offense after acquittal; a second prosecution for the same offenses after conviction; and <u>multiple punishments for the same offense</u>, See <u>North Carolina v. Pearce</u>, 395 U.S. 711, 717 (1969); and <u>Schiro v. Farley</u>, 114 S.Ct.783,789 (1994) (emphasis added).

   "These protections stem from the underlying premise that a defendant should not be twice tried or punished for the same offense." <u>Schiro</u>, 114 S.Ct. at 789. It is the third of these abuses – <u>multiple punishments for the same offense</u>, which defendant is concerned with on this appeal.

   Although the primary evil to be guarded against by the Double Jeopardy Clause is successive prosecutions, the prohibition against multiple punishments for the same offense has "deep roots in our history and our jurisprudence." <u>United States v. Halper</u>, 490 U.S. 435, 440 (1989).

   Under Blockburger v. United States, 284 U.S. 299, 304 (1932), two offenses are the same unless "each offense requires proof of an additional fact which the other does not." The activities that would result in the commission of a 21 U.S.C. §841(b)(1)(B)(ii) (powder cocaine) offense is "to...distribute, or ...possess with intent to ...distribute...a controlled dangerous substance [of]...:
   
       (ii)    500 grams or more of a mixture or substance containing a detectable amount of –
   
           (II)I    coca leaves, except coca leaves and extracts of coca leaves from which cocaine, ecgonine, and derivatives of ecgonine or their salts have been removed;
   
           (II)II

                    cocaine, its salts, optical and geometric isomers, and salts of isomers;
(II)III   ecgonine , its derivatives, their salts, isomers, and salts of isomers; or
(II)IV   any compound, mixture, or preparation which contains any quantity of any of the substances referred to in subclauses (I) through (III);

The activities that would result in the commission of a 21 U.S.C. §841(b)(I)(A)(III) (cocaine base) offense is "to...distribute, or ...possess with intent to...distribute...a controlled dangerous substance of...

      (III) <u>50 grams or more of a mixture or substance described in clause</u> (ii) which contains cocaine base."

      (Emphasis added).

Therefore, a Section 841(b)(1)(B)(ii) (powder cocaine) offenses does not require proof of any additional facts beyond those that establish a violation of a Section 841(b)(1)(A)(iii)(cocaine base) offense[1]. This fact leads inevitably to the conclusion that they are the same offense for double jeopardy purposes. See <u>Blockburger</u>, <u>supra</u>; see also <u>Schiro v. Farley</u>, 114 <u>S.Ct</u>. 783, 789 (1994). Thus, to determine whether the cocaine base statutes violates double jeopardy by allowing multiple convictions and punishments for violation of offenses that are the same, it must be determined whether the legislature clearly intended to permit multiple convictions and multiple punishments for violations of powder cocaine and cocaine base statutes.

In order to allow separate convictions and sentences for the same or included offenses, the legislature <u>must explicitly indicate that the sentences are to run consecutively</u>. Missouri v. Hunter, 495 U.S. 359, 368-69 (1983). (Emphasis added). No where, however, does the legislature indicate that the cocaine base statute was motivated by a desire to permit multiple convictions or sentences. In fact, the legislature's purpose for enacting the cocaine base statute was not to provide multiple convictions or punishment but to "penalize more severely violations involving crack cocaine. See 123 Cong.Rec. S14,288 (daily ed. September 30, 1986)(one purpose of Narcotics Penalties and Enforcement Act of 1986 was to recognize crack as a distinct and separate drug from cocaine hydrochloride)." <u>United States v. Fisher</u>, 58 F.3d 96,99 (4th Cir. 1995).

---

[1] As cocaine base can be reduced from its rock form to powder form, the only difference between cocaine base and powder cocaine is in its purity (Apotency@). Cocaine base is more potent. Although it is logical to view them as separate and distinct drugs for purposes of enhancing a sentence, it is a fictional leap of legal gymnastics to look at the two substances as distinct for multiple conviction and sentencing purposes.

Although there appears to be intent by the legislature to recognize powder cocaine and cocaine base as distinct and separate drugs for enhanced penalty purposes, the statutes allow separate convictions and punishment for both <u>without express authority</u>. The legislative intent, whatever it may have been, was not expressed with the clarity required by <u>Hunter</u>, 495 U.S. at 368-69 (requiring that the legislature "specifically authorize cumulative punishment" under the statute.)

Accordingly, 21 USC§841(b)(1)(A)(iii) is unconstitutional on its face because it violates double jeopardy protections by allowing multiple convictions and punishment for the same offense. Defendant's conviction must be vacated and the cocaine base offense dismissed.

If the Court finds that the cocaine base statute is not facially unconstitutional on double jeopardy grounds, defendant submits that is unconstitutional on double jeopardy grounds "as-applied" to him.

An as-applied challenge consists of a challenge to the statute's application only as-applied to the party before the court. See generally <u>City of Lakewood v. Plain Dealer Publ'g Co</u>., 486 U.S. 750, 758-59 (1988). If an as-applied challenge is successful, the statute may not be applied to the challenger, but is otherwise enforceable. See <u>Id.</u>

For the reasons already discussed, defendant posits that the cocaine base statute allows for double convictions and punishment and, therefore, violates the constitutional double jeopardy prohibitions. Defendant incorporates that argument herein with reference to the extent it is applicable herein. The danger of multiple convictions and punishment for the same offense is more heightened in this case since defendant was actually charged in only one Count (Count Two) with both power cocaine and cocaine base offenses.

At sentencing, the drug amounts attributable to each offense were aggregated and the sentence was imposed according to that aggregation. However, because the Section 841(b)(1)(B)(ii)(powder cocaine) offense and the Section 841(b)(1)(A)(iii) (cocaine base) offenses are one and the same for double jeopardy purposes, the aggregation of drug amounts for each offense and sentence imposed thereon was unconstitutional.

The fact that defendant's sentence is vacated is of no moment. Because defendant is charged in once Count with violations of both powder cocaine and cocaine base, the cocaine base statute still allows his conviction twice as well as the aggregate tally of drug amounts for the same offense. The cocaine base statute is, therefore, unconstitutional as applied to defendant in the facts of this case on double jeopardy grounds.

Accordingly, the cocaine base conviction must be vacated and that offense dismissed.

## CONCLUSION

The Supreme Court has clearly spoken on the unconstitutionality of the Federal Sentencing Guidelines commencing with <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 followed by <u>Blakely v. Washington</u>, 542 U.S. _____, 124 S. Ct. 2531, 159 L.Ed.2d 403 (2004) and, finally, <u>United States v. Booker</u>, 543 U.S.\_\_\_\_\_ (2005), 125 S.Ct. 738 (2005).  The burden of proof has shifted to the government to prove such integral elements as weight.

Further, enhancements under the guidelines need to be satisfied beyond a reasonable doubt.

Perhaps more importantly, the Defendant's initial sentence was based on a negotiated plea that was void <u>ab initio</u> as the government, not the Defendant, breached the agreement (by agreeing to a recommended sentence for in excess of what it told Defendant and counsel it would require).  When, thereafter, the Court refused to allow Defendant to withdraw his guilty plea, Defendant was left without a remedy.

Finally, the sentencing scheme for powder cocaine is unconstitutional on its face and as applied to Defendant, both on double jeopardy grounds.

The Court now has the discretion to rectify the matter by sentencing Defendant to a reasonable, not Draconian, term of imprisonment.

Respectfully Submitted:

Dated:<u>7/26/05</u>

S/Sanford A. Krevsky
Sanford A. Krevsky, Esquire
1101 North Front Street
Harrisburg, PA  17102
(717)234-4583
I.D. No. 15560

Pc: W. Behe, Assistant United States Attorney
    M. Anthony

**CERTIFICATE OF SERVICE**

    I hereby certify that on the date listed below I electronically filed the foregoing with the Court using the CM/ECF system, which sent notification of such filing to the following person(s) at the following email address(es):

    William A. Behe, Esquire
    U.S. Attorney's Office
    William.behe@usdoj.gov

    S/Aimee L. Paukovits
    Aimee L. Paukovits, Paralegal

Dated: July 26, 2005