**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-3783

———

UNITED STATES OF AMERICA,

v.

MARI ANTHONY,

*Appellant*

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 01-cr-00336-04)
District Judge: Honorable Sylvia H. Rambo

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 13, 2007

Before: RENDELL, GREENBERG, and VAN ANTWERPEN, *Circuit Judges*.

(Filed: December 13, 2007)

———

OPINION OF THE COURT

———

VAN ANTWERPEN, *Circuit Judge*.

Appellant appeals his July 29, 2005 sentence on the grounds that his guilty plea was not "knowing and voluntary" given his counsel's alleged ineffectiveness. Because this Court agrees with its prior decision on this same issue in a previous appeal, we affirm

the sentence.

I.

Because we write solely for the parties, we will only address those facts necessary to our opinion. In addition, because the facts of the crime are largely irrelevant at this stage of the proceedings, only a brief procedural history is needed.

On September 11, 2003, Appellant Anthony was sentenced to 360 months imprisonment. *Appendix of the Appellant* ("*App.*") at 50. Anthony appealed this sentence to this Court, arguing, among other things, that his guilty plea was not voluntary due to the alleged ineffectiveness of his attorney. This Court denied his appeal in its entirety, and in doing so held that the District Court did not abuse its discretion in denying his motion to withdraw the guilty plea. *United States v. Anthony*, 112 Fed. Appx. 810, 813 (3d Cir. 2004).

Anthony petitioned for a writ of certiorari to the United States Supreme Court, and the writ was granted. *Anthony v. United States*, 543 U.S. 1137 (2005). The case was remanded to this Court, and this Court vacated Anthony's sentence and remanded to the District Court for resentencing in accordance with *United States v. Booker*, 543 U.S. 220 (2005). This Court specifically limited the issue on remand to a determination of Anthony's sentence in light of the new advisory nature of the Guidelines under *Booker*. *App.* at 54-55.

At re-sentencing on July 29, 2005, the District Court sentenced Anthony to a term of 240 months, in light of *Booker*. *App.* at 72. Anthony appealed from that sentence. *Id.*

2

at 87.

## II.

The United States District Court for the Middle District of Pennsylvania had subject matter jurisdiction over this case pursuant to 18 U.S.C. § 3231. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

## III.

In this appeal, Anthony only raises one issue: Whether his guilty plea was "knowing and voluntary" given his counsel's alleged ineffectiveness in advising him of the nature and effect of his plea. *Appellant's Br.* at 2. This Court previously addressed this same exact issue in Anthony's prior appeal. *See Anthony*, 112 Fed. Appx. at 812-13. Because we agree with the reasoning and conclusion of our prior decision,[1] this Court affirms the judgment of the District Court.

## IV.

For the above reason, the judgment of the District Court will be affirmed.

---

[1] The government maintains that the appeal should be quashed because this Court's prior holding concerning the voluntariness of Appellant's guilty plea is the "law of the case." *Government's Br.* at 9. However, because this Court agrees with the reasoning and conclusion of our prior decision, it is unnecessary to reach this issue.