IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CASE NO. 1: CR- 01-336-04**
:
**v.** :
:
**MARI ANTHONY** :

**M E M O R A N D U M**

**I.   Procedural History**

Before the court is a motion filed pursuant to 28 U.S.C. § 2255. The matter has been fully briefed and is ripe for disposition. The procedural history of this case is adequately set forth in the parties' briefs and will not be repeated in its entirety herein. Briefly, Defendant Anthony entered into a conditional plea agreement pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedures in which he reserved the right to appeal this court's ruling on his pretrial motions. On September 11, 2003, Anthony was sentenced on Count II of a Third Superseding Indictment after numerous delays following the entry of his guilty plea. Count II of the Third Superseding Indictment charged him with unlawful distribution and possession with intent to distribute fifty grams or more of crack cocaine and 500 grams or more of cocaine hydrochloride from on or about December 6, 1998 up to and including April 25, 2002.

Defendant was sentenced to a term of imprisonment of 360 months. He appealed to the Third Circuit Court of Appeals. The appeal was denied in its entirety. He filed a petition for writ of certiorari and the writ was granted. (*See Anthony v. United States*, 543 U.S. 137 (2005). The case was remanded to the court of appeals which vacated the petitioner's sentence and directed this court to

resentence him in accordance with *United States v. Booker*, 543 U.S. 220 (2005). This court then resentenced Defendant to a term of imprisonment of 240 months. Defendant appealed and the court of appeals affirmed this sentence.

The instant motion raises issues concerning competency of trial and appellate counsel. Defendant claims that (1) trial counsel should not have had petitioner plead to Count II of the Third Superseding Indictment as it was duplicitous; (2) trial counsel should not have advised him not to speak to the probation officer about his involvement in the offense, thereby depriving him of a three point reduction for acceptance of responsibility; (3) trial counsel gave him improper advice as to his potential sentence;[1] and (4) appellate counsel failed to raise on appeal his claim of an illegal stop of his vehicle.

**II.      Discussion**[2]

**A. Incompetency of Counsel Standard**

A claim for ineffective assistance of counsel is evaluated under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The standard has two prongs. Petitioner must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *Id.* at 687. The first prong requires petitioner to show that counsel made errors "so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* This showing can be made by demonstrating that the attorney's performance was unreasonable under prevailing norms. *United States v. Day*, 969 F.2d 39, 42 (3d

---

[1] This issue is not a claim of incompetency of counsel but a claim that the plea agreement is unenforceable and void.

[2] Because the records in this case conclusively show that Defendant is not entitled to relief, no hearing was held and appointment of counsel was not made. *United States v. Brown*, 2008 WL 1376307 (E.D. Pa.), *citing Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991).

Cir. 1993). The second prong requires petitioner to show that the errors were "sufficiently serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. To establish prejudice, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *United States v. Mannino*, 212 F.3d 835, 840 (3d Cir. 2000). This standard applies as well to ineffective assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).

### B. Count II Duplicity Claim

Count II charges Defendant with unlawful distribution and possession with intent to distribute 50 grams or more of crack cocaine and 500 grams or more of hydrochloride. Petitioner claims that because Count II combines two crimes in one count, the indictment is duplicitous.

Section 841(a)(1) criminalizes the possession of a "controlled substance" – not possession of a specific controlled substance or group of controlled substances. An indictment charging a defendant under 21 U.S.C. § 841(a)(1) for simultaneous possession of different controlled substances is not duplicitous or multiplicitous and does not violate the Double Jeopardy Clause. *United States v. Ausler*, 395 F.3d 918 (8th cir. 2005); *United States v. Richardson*, 86 F.3d 1537, 1553 (10th Cir. 1996). Counsel's failure to raise that issue does not amount to incompetency.

### C. Acceptance of Responsibility

At the plea colloquy, Defendant denied any involvement with Tyrone Smith and some of the dates of drug sales listed in the indictment. The court explained to him the definition of "relevant conduct" and warned him that his limited admission might impact on his receiving credit for acceptance of responsibility. (Trans. of Plea Colloquy at p. 17, doc. 329.) It was Defendant's

3

position at the guilty plea, his interview with the probation officer for purposes of the presentence report, and at sentencing, that he was not responsible for the relevant conduct. Defendant cannot now claim that he wanted to accept responsibility for relevant conduct and counsel told him not to; this refusal to accept relevant conduct was a predisposed position asserted by the Defendant. (*See also* ¶ 3 of the Presentence Report.) This claim of ineffective counsel is without merit.

### D.  Warrantless Stop

Defendant claims appellate counsel was ineffective for failure to pursue on appeal a claim that the stop of his vehicle on April 24, 2002 was pretextual. The Third Circuit Court of Appeals, in *United States v. Anthony*, 112 Fed. Appx. 810 (3d Cir. 20040 found that the "search along the roadside was proper as a search incident to a lawful arrest. The initial police stop was unquestionably proper, because the wrong license plate was on the vehicle." (*See* slip op. No. 03-3834, October 12, 2004.) Appellate counsel was not ineffective for raising on a subsequent appeal an issue previously decided on appeal against Defendant.

### E.  Advice as to Potential Sentence

Defendant claims his plea was not knowingly, voluntarily and intelligently entered because counsel led him to believe he would receive a lower sentence than what he actually received. This issue was addressed twice by the court of appeals (No. 03-3834, October 12, 2004 at pp. 4-6 and No. 03-3834, December 13, 2007). This court will not address this issue again. The court of appeals decision is the law of this case. This claim of incompetency of counsel is without merit.

4

### F. Validity of Plea Agreement

Defendant claims that the Government promised that it would not file an information and seek enhanced penalties to obtain a 20 year mandatory sentence. He claims the Government sought to have a 30 sentence imposed.[3] The plea agreement and the plea colloquy do not support this contention.

The plea agreement states that the maximum penalty for his offense could be life imprisonment. (*See* doc. 171 at ¶¶ 1 and 20.) At the plea proceeding, Defendant was advised of his potential sentence and was asked whether there were any other promises made to him that had not been set forth in the plea agreement and whether anyone promised him what his sentence would be, to which he replied in the negative. (*See* doc. 329 at pp. 6 & 8.) Defendant was further advised that if anyone suggested what his guideline would be and it differed from the court's determination, he could not withdraw his guilty plea. (*Id.* at p. 9.) In addition, Defendant was asked if he had any questions about the plea agreement and he replied in the negative. (*Id.*)

There was no promise made by the assistant United States attorney concerning a deal on sentencing. Furthermore, with the two appeals Defendant took as to his sentencing and resentencing and, since this is not a claim of incompetency of counsel, he could have raised this issue on direct appeal. This court deems this issue to have been waived and is untimely in this petition.

---

[3]Originally, Defendant was sentenced to 360 months imprisonment. On resentencing pursuant to *Booker*, a 240 month sentence was imposed.

**III.** <u>**Conclusion**</u>

Defendant's petition pursuant to 28 U.S.C. § 2255 will be denied.  An appropriate order will be issued.

                                                  s/Sylvia H. Rambo
                                                  United States District Judge

Dated:  March 11, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CASE NO. 1: CR- 01-336-04
:
**v.** :
:
**MARI ANTHONY** :

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 is **DENIED**.

2) This court declines to issue a certificate of appealability.

3) The Clerk of Court shall close the file.

                                                   s/Sylvia H. Rambo
                                                   United States District Judge

Dated: March 11, 2010.